# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**RAYMOND G. ULIBARRI,**

      Plaintiff,

vs.                                                      Civ. No. 02-570 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Procedure filed February 19, 2003. Docket No.17. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken in part.

## I. PROCEDURAL RECORD

Plaintiff, Raymond G. Ulibarri, filed his applications for benefits on July 25, 2000 and August 11, 2000, alleging a disability since July 21, 2000, due to high blood pressure, diabetes, kidney problems, allergies, bad circulation and numbness in his extremities. Tr. 74 and 294. The relevant time frame is July 21, 2000 through January 23, 2002, the date the Administrative Law Judge ("ALJ") issued his decision. His applications were denied at the initial and reconsideration level.

The ALJ conducted a hearing October 22, 2001. At the hearing, the Plaintiff was represented by an attorney. On January 23, 2002, the ALJ made the following conclusions according to the

sequential analysis set forth in 20 C.F.R. § 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993):  the claimant has not engaged in post-onset substantial gainful activity; the claimant impairments of sleep apnea, alcohol abuse, diabetes mellitus and peripheral neuropathy and rotator cuff injuries to both shoulders are "severe;" the claimant's impairments do not meet or equal a listed impairment; the claimant's allegations regarding his limitations are not totally credible; the claimant has a residual functional capacity for a full range of light work;  the claimant's past relevant work as a bar manager did not require the performance of work-related activities precluded by his residual functional capacity; and the claimant is not under a "disability," as defined in the Social Security Act, at any time through the date of this decision.    Tr. 15-24.

The ALJ entered his decision on January 23, 2002.  Thereafter, the Plaintiff filed a request for review.  On April 22, 2002, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr.8.  The Plaintiff subsequently filed his Complaint for court review of the ALJ's decision on May 17, 2002.

## II.  STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards.  See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)).  A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision.  See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show (1) he is not engaged in substantial gainful employment; (2) he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities; (3) his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; or (4) he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III.  MEDICAL HISTORY

The medical evidence shows that since at least 1999 the Plaintiff has received treatment through the New Mexico Veteran's Health Care System. On October 2, 2001 Dr. Denis McCarthy wrote that the Plaintiff had the following problems: "diabetes, ethanolism, allergies, diabetic neuropathies, noncompliance, obstructive sleep apnea and restless leg syndrome." Tr. 276. Plaintiff underwent a consultative examination by Eugene Toner, M.D. on December 7, 2000. He found that the Plaintiff was diabetic but with no evidence of end organ damage; that Plaintiff's hypertension was

under control with medication; that Plaintiff had complaints of left shoulder problems with decreased internal and external rotation; and that the Plaintiff had a history of allergies that do not affect his pulmonary function. Tr. 130. He made further findings that Plaintiff did not have a problems with ethanol and that Plaintiff's complaints were "somewhat in excess of his objective findings." Id. He concluded his evaluation by stating:

> This claimant should be able to do things that are considered normal for his age, size and sex. Giving him the benefit of the doubt with peripheral neuropathy, I may recommend he not walk or stand more than 6 hours a day.
> The claimant's condition appears stable.

Id.

## IV. DISCUSSION

Plaintiff asserts that the ALJ erred in his assessment that Plaintiff could perform his past work and erred in failing to consider the finding of disability by the Veterans Administration (VA).

Plaintiff's ability to perform his past work.

An issue throughout the record and the ALJ's decision is Plaintiff's non-compliance and whether non-compliance affects Plaintiff's ability to perform is past work. The record is replete with physicians noting Plaintiff's non-compliance. Tr. 166, 168, 181, 213 and 316. Plaintiff failed to have lab work done. Tr. 166, 181. Plaintiff had "multiple no shows" for his individual nutrition classes and group classes given for diabetics.. Tr. 171. There is inconsistent evidence in the record whether Plaintiff still consumes alcohol. However, it is clear that his physicians have told him not to drink alcohol. Tr. 161,181-83. Plaintiff was advised to stop smoking. Tr. 161, 243. Plaintiff was prescribed physical therapy for his shoulders However, he did not show, was rescheduled and finally discharged since he did not return. Tr. 243.

Benefits will be denied to a Plaintiff who fails without good cause to follow treatment

4

prescribed by his physician if it can restore his ability to work. 20 C.F.R. §§404.1530(a)-(b), 416.930(a)-(b). The Tenth Circuit has held that the ALJ must consider the following four elements:

"(1) whether the treatment at issue would restore the claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse."
Frey v. Bowen, 816 F.2d 508 (1987).

In denying benefits, these four elements must be met. Teter v. Heckler, 775 F.2d 1104, 1107 (10th Cir. 1985) It appears that non-compliance was a significant factor in the ALJ's decision. However it is not clear that the ALJ considered the four required elements in making his decision. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995)(*quoting* Reyes v. Bowen, 845 F.2d 242, 244 (10th Cir. 1988("It is well settled that administrative agencies must give reasons for their decisions.") It appears that the ALJ relies on the report of Dr. Toner and find that Plaintiff, even when noncompliant, is not disabled. Tr. 22  However, the decision also states that the "objective medical evidence shows that the claimant can perform a full range of light work as long as he is compliant with medical treatment." Tr. 20. Moreover, the ALJ states that "[failure to follow medical advice...does indicate the claimant's state of mind regarding his health and his desire to eliminate his alleged problems." Tr. 6. Thus, the ALJ has relied on Plaintiff's non-compliance in reaching his decision but failed to do the proper analysis. Goodwin v. Barnhart, 195 F. Supp. 2d 1293 (D. Kan. 2002)(requiring that the *Frey* factors applies to an ALJ's credibility finding).

Veterans Administration Disability Rating.

The VA granted Plaintiff a nonservice-connected pension effective February 26, 2001. In the rating decision the VA found that "no medical evidence has been received to indicate that he is capable of gainful employment with his disabilities." Tr. 121. Disability ratings, though not binding,

5

are entitled to weight and must be considered. Baca v. Department of HHS, 5 F.3d 465 (10th Cir. 1993).  In this case, the Plaintiff testified regarding his VA application in his hearing.  Furthermore, the rating decision is part of the record.  Tr. 121.  The issue in this matter is whether the ALJ properly considered the VA findings.  As this case is going to be remanded, the Court does not have to decide whether the ALJ committed reversible error in not explicitly addressing the VA determination.  Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996)("The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence.").  Rather, on remand the ALJ should address the VA decision as appropriate.

    **IT IS THEREFORE ORDERED** that this matter is remanded to the Commissioner for further proceedings consistent with this memorandum opinion and order.

 

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**